# Supreme Court of Florida

No. SC20-942

**IN RE: AMENDMENTS TO THE FLORIDA RULES FOR QUALIFIED AND COURT-APPOINTED PARENTING COORDINATORS.**

December 2, 2021

PER CURIAM.

The Supreme Court Committee on Alternative Dispute Resolution Rules and Policy (Committee) proposes amendments to the Florida Rules for Qualified and Court-Appointed Parenting Coordinators.[1] We have jurisdiction[2] and adopt the proposed amendments with minor, technical changes.[3]

---

1. The Committee proposes the amendments pursuant to *In re Committee on Alternative Dispute Resolution Rules and Policy*, Fla. Admin. Order No. AOSC18-29 (July 2, 2018), which charges the Committee with monitoring court rules governing alternative dispute resolution procedures and recommending necessary changes to the Court.

2. *See* art. V, § 2(a), Fla. Const.

3. References to the Florida Rules of Judicial Administration are amended to reflect the new title of the body of rules, the Florida Rules of General Practice and Judicial Administration. *See In re*

The Committee proposes several new rules, as well as amendments that would reorganize the current rules. First, the Committee proposes renumbering and renaming existing Part I (Standards) to Part II (Standards of Professional Conduct) and creating a new Part I (Rostering of Parenting Coordinators), which includes new rules 15.010 (Circuit Disqualification) and 15.020 (Renewal). While the existing language of rule 15.000 (Applicability of Standards) is renumbered as rule 15.200 and moved to newly renumbered Part II, rule 15.000 is retained in new Part I, retitled "Qualification," and rewritten to outline the qualification process for parenting coordinators. Next, existing Part II (Discipline) is renumbered to Part III (Discipline). The rules in both newly renumbered parts are renumbered accordingly. Last, the Committee proposes a new Part IV (Operating Procedures) and organizing new rule 15.400 (Authority) in this part. The Committee voted unanimously in favor of the proposed amendments.

---

*Amends. to Fla. Rules of Jud. Admin.—2020 Regular-Cycle Report*, 310 So. 3d 374 (Fla. 2021).

Before filing its rule proposals with the Court, the Committee published the proposals for comment, and Committee staff responded to each e-mailed comment individually. After the Committee's proposals were filed, the Court published the proposals for comment. The Court received two comments. The Committee filed a response urging the Court to adopt the amendments as proposed.

After considering the Committee's proposed amendments, the comments, and the Committee's response, we adopt the amendments as proposed by the Committee. Accordingly, the Florida Rules for Qualified and Court-Appointed Parenting Coordinators are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall take effect immediately upon the release of this opinion.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Supreme Court Committee on Alternative Dispute Resolution Rules and Policy

Honorable Michael S. Orfinger, Chair, Committee on Alternative Dispute Resolution Rules and Policy, Daytona Beach, Florida, and Juan R. Collins, Senior Attorney, Dispute Resolution Center, Tallahassee, Florida,

    for Petitioner

Heather L. Apicella, Chair, Family Law Section of The Florida Bar, Boca Raton, Florida, Douglas Avery Greenbaum, Past Chair, Family Law Section of The Florida Bar, Fort Lauderdale, Florida, Kristin Kirkner, Co-Chair, Rules and Forms Committee, Family Law Section of The Florida Bar, Tampa, Florida, Jack A. Moring, Co-Chair, Rules and Forms Committee, Family Law Section of The Florida Bar, Crystal River, Florida, and K. Beth Luna, Past Co-Chair, Rules and Forms Committee, Family Law Section of The Florida Bar, Jacksonville, Florida; and Valorie Hoppenworth, Tallahassee, Florida,

    Responding with comments

**APPENDIX**

**FLORIDA RULES FOR QUALIFIED AND COURT-APPOINTED PARENTING COORDINATORS**

**PART I.** ~~STANDARDS~~ROSTERING OF PARENTING COORDINATORS

**RULE 15.000.** QUALIFICATION

(a) **Process for Qualification.** Parenting coordinators shall be qualified pursuant to section 61.125, Florida Statutes, and these rules as follows:

(1) The chief judge or designee(s) in each judicial circuit shall review each application and determine which individuals applying to serve as parenting coordinators meet the qualifications under section 61.125, Florida Statutes, to be included on the roster of qualified parenting coordinators of that circuit; and

(2) Each judicial circuit may conduct a criminal background investigation and make inquiries necessary to verify an applicant's eligibility to be included on the roster.

(3) Each judicial circuit shall establish and maintain a roster of parenting coordinators from which the trial court may appoint a qualified parenting coordinator.

(b) **No additional requirements.** Chief judges or designee(s) shall not impose additional requirements for a parenting coordinator to be included on a circuit's roster other than those listed in section 61.125, Florida Statutes, and these rules.

(c) **Application form.** The standardized application form that shall be used by each judicial circuit for parenting coordinators who wish to apply to be qualified as a parenting coordinator by the chief judge shall be developed by the Committee on Alternative Dispute Resolution Rules and Policy and disseminated to the circuits by the Dispute Resolution Center.

## RULE 15.010.    CIRCUIT DISQUALIFICATION

**(a)    Disqualification Process.**  Parenting coordinators shall be disqualified pursuant to section 61.125, Florida Statutes, and these rules.

(1)    The chief judge or designee(s) in each judicial circuit shall establish a process to periodically review whether a parenting coordinator continues to be qualified.

(2)    Parenting coordinators who are disqualified shall immediately be removed from the circuit's list of qualified parenting coordinators.

**(b)    Appeal.**  Any appeal pertaining to a parenting coordinator's inclusion on or removal from the roster shall be heard and decided by the chief judge or designee(s) in that judicial circuit, whose decision shall be final.

## RULE 15.020.    RENEWAL

**(a)    Process.**  The chief judge or designee(s) in each judicial circuit shall require qualified parenting coordinators to renew their qualifications for inclusion on the roster by submitting the statewide approved renewal form and verification of 16 hours of continuing parenting coordination education every two years.

**(b)    Time Period.**  Renewals for qualified parenting coordinators shall be due on the same date for all judicial circuits.  All qualified parenting coordinators shall renew their qualifications and provide verification of continuing parenting coordination education on or before December 31 of every odd-numbered year regardless of the length of initial or renewal qualification.

**(c)    Application form.**  The standardized renewal application form that shall be used by each judicial circuit for parenting coordinators who wish to apply for renewal of their qualification as a parenting coordinator by the chief judge shall be developed by the Committee on Alternative Dispute Resolution Rules and Policy and disseminated to the circuits by the Dispute Resolution Center.

**(d)    Time for completion of continuing parenting coordination education.**  If all other qualifications are satisfied but a qualified parenting coordinator is deficient in continuing parenting coordination education hours, the parenting coordinator shall be notified in writing and qualification shall be continued for 90 days from the notice of noncompliance.  During those 90 days, the parenting coordinator shall complete all remaining continuing parenting

coordination education requirements to be eligible for continued qualification. Qualification shall not be renewed until all continuing parenting coordination education requirements are complete.

## PART II.    STANDARDS OF PROFESSIONAL CONDUCT

## RULE 15.200.    APPLICABILITY OF STANDARDS

[No change]

## RULE 15.~~010~~205. PARENTING COORDINATION DEFINED

Parenting coordination is a child-focused alternative dispute resolution process whereby a parenting coordinator assists the parents in creating or implementing a parenting plan by facilitating the resolution of disputes between the parents by providing education, making recommendations, and, with the prior approval of the parents and the court, making limited decisions within the scope of the court's order of referral. For the purposes of these standards, "parent" refers to the child's mother, father, legal guardian, or other person who is acting as a parent ~~and~~or guardian.

## RULE 15.~~02~~10.    PARENTING COORDINATION CONCEPTS

[No change]

## RULE 15.~~030~~215. COMPETENCE

[No change]

## RULE 15.~~040~~220. INTEGRITY

[No change]

### Committee Notes

[No change]

## RULE 15.~~050~~225. ADVICE, RECOMMENDATIONS, AND INFORMATION

[No change]

**RULE 15.~~06~~230.   IMPARTIALITY**

**(a)**     [No change]

**(b)     Disclosure.**  A parenting coordinator shall advise all parties of circumstances which may impact impartiality including, but not limited to, potential conflicts of interests bearing on possible bias, prejudice, or impartiality.

**(c) – (f)**     [No change]

**RULE 15.~~070~~235. CONFLICTS OF INTEREST**

[No change]

**Committee Notes**

[No change]

**RULE 15.~~08~~240.   SCHEDULING THE PARENTING COORDINATION PROCESS**

[No change]

**RULE 15.~~090~~245. COMPLIANCE WITH AUTHORITY**

[No change]

**RULE 15.~~10~~250.   IMPROPER INFLUENCE**

[No change]

**RULE 15.~~110~~255. MARKETING PRACTICES**

[No change]

**Committee Note**

[No change]

**RULE 15.~~120~~260.   CONCURRENT STANDARDS**

[No change]

**RULE 15.~~130~~265. RELATIONSHIP WITH OTHER PROFESSIONALS**

[No change]

**RULE 15.~~140~~270.   CONFIDENTIALITY**

[No change]

**RULE 15.~~150~~275. NOTICE AND INITIAL SESSION**

[No changes]

**RULE 15.~~160~~280.   FEES AND COSTS**

[No change]

**RULE 15.~~170~~285. RECORDS**

[No change]

**RULE 15.~~180~~290.   SAFETY, CAPACITY, AND PROTECTION**

[No change]

**RULE 15.~~190~~295. EDUCATION AND TRAINING**

[No change]

**RULE 15.~~200~~98.   RESPONSIBILITY TO THE COURTS**

**(a)    ~~Candid~~Candor with Referring Court.** Parenting coordinators shall be candid, accurate, and responsive to the court concerning the parenting coordinators' qualifications, availability and other administrative matters.

**(b)**    [No change]

**PART II~~I~~. DISCIPLINE**

**RULE 15.~~21~~300. SCOPE AND PURPOSE**

[No change]

**RULE 15.~~22~~310. RESPONSIBILITIES OF CHIEF JUDGE**

[No change]

**RULE 15.~~230~~315. ADMINISTRATIVE RESPONSIBILITY**

[No change]

**RULE 15.~~24~~320. PRIVILEGE TO SERVE**

[No change]

**RULE 15.~~250~~325. DEFINITIONS**

[No change]

**RULE 15.~~26~~330. PARENTING COORDINATOR REVIEW BOARD**

[No change]

**RULE 15.~~270~~335. JURISDICTION AND POWERS**

(a) **RVCC.** Each RVCC shall have such jurisdiction and powers as are necessary to conduct the proper and speedy investigation and disposition of any complaint. <u>The RVCC shall perform its investigatory function and have concomitant power to resolve cases prior to panel referral.</u> The judge or attorney chairing the RVCC shall have the power to compel:

(1) – (3) [No change]

~~The RVCC shall perform its investigatory function and have concomitant power to resolve cases prior to panel referral.~~

**(b)** [No change]

**(c)** <u>Panel Vice-Chair.</u> The vice-chair of a panel, upon the unavailability of the chair, is authorized to issue subpoenas or order the production of records or other documentary evidence.

## RULE 15.~~28~~340. CONTEMPT PROCESS

**(a)** [No change]

**(b)** **RVCC and Panel Contempt.** The chair of ~~an~~ RVCC or panel may hear any motions filed either before or during a RVCC meeting or panel hearing or hold any person in contempt for conduct occurring during the RVCC meeting or panel hearing.

**Committee Notes**

[No change]

## RULE 15.~~290~~345. RULE VIOLATION COMPLAINT PROCESS

**(a) – (i)** [No change]

**(j)** **Notice and Publication.** Any consensual resolution agreement which includes sanctions shall be distributed by the DRC to all circuits through the chief judges, all trial and appellate court administrators, and the ADR directors; it shall also be published on the DRC page of the Florida Courts website with the rule or rules listed as violated, and a copy of the agreement. Any information in the agreement which is otherwise confidential under Florida Rule of <u>General Practice and</u> Judicial Administration 2.420 shall be redacted.

## RULE 15.3~~50~~00. HEARING PANEL PROCEDURES

**(a) – (h)** [No change]

**(i)** **Procedures for Hearing.** The procedures for a hearing shall be as follows:

**(1) – (4)** [No change]

**(5)    Testimony.**

**(A) – (B)**    [No change]

**(i)**    [No change]

**(ii)    Other Provisions.**  Telephonic and electronic testimony shall otherwise be governed by the Rules of <u>General Practice and</u> Judicial Administration.

**(6) – (9)**    [No change]

**(10)    Parenting Coordinator's Failure to Appear.**  If the parenting coordinator has failed to answer the underlying complaint or fails to appear, the panel may proceed with the hearing.

**(A)    <u>No Response to Complaint Submitted.</u>**  If the hearing is conducted in the absence of a parenting coordinator who failed to respond to the underlying complaint and the allegations were therefore deemed admitted, no further notice to the parenting coordinator is necessary and the decision of the panel shall be final.

**(B)    <u>Response to Complaint Submitted.</u>**  If the hearing is conducted in the absence of a parenting coordinator who submitted a response to the underlying complaint, the DRC shall notify the parenting coordinator that the hearing occurred and whether the matter was dismissed or if sanctions were imposed.  The parenting coordinator may petition for rehearing by showing good cause for such absence.  A petition for rehearing must be received by the DRC and the prosecutor no later than 10 days from the parenting coordinator's receipt of the DRC notification.  The prosecutor shall file a response, if any, within 5 days from receipt of the petition for rehearing.  The disposition of the petition shall be decided solely by the chair of the panel and any hearing on the motion required by the chair of the panel may be conducted telephonically or by other communication equipment.  If a rehearing is ordered, it shall follow the procedures and rules governing the original hearing.

**(11) – (12)**   [No change]

**(j)**    [No change]

**(k)** **Notice to Circuits and Districts.** In every case in which a parenting coordinator has had sanctions imposed by agreement or decision, such agreement or decision shall be sent by the DRC to all circuits and districts through the chief judges, all trial and appellate court administrators, and the ADR Directors. Any information in the agreement or decision which is otherwise confidential under Florida Rule of General Practice and Judicial Administration 2.420 shall be redacted.

**(*l*)** **Publication.** Upon the imposition of sanctions, whether by consent of the parenting coordinator and approval by the panel or by decision of the panel after a hearing, the DRC shall publish the name of the parenting coordinator, a list of the rule or rules which were violated, and a copy of the decision of the panel. Any information in the agreement or decision which is otherwise confidential under Florida Rule of General Practice and Judicial Administration 2.420 shall be redacted. Such publication shall be on the DRC page of the Florida Courts' website and in any outside publication at the discretion of the Chief of Alternative Dispute Resolution.

## RULE 15.~~310~~355. BURDEN OF PROOF

[No change]

## RULE 15.~~32~~360. SANCTIONS

[No changes]

## RULE 15.~~330~~365. SUSPENSION, DISQUALIFICATION, AND REMOVAL

[No change]

## RULE 15.~~34~~370. SUBPOENAS

[No change]

## RULE 15.~~350~~375. CONFIDENTIALITY OF DISCIPLINARY PROCEEDINGS

**(a)** **Generally.** All complaints alleging misconduct against parenting coordinators subject to disciplinary action under these rules, including the parenting coordinator's response, if any, and all other records made or received as

part of the complaint procedure, are exempt from public disclosure under rule 2.420(c)(3)(B), Florida Rules of <u>General Practice and</u> Judicial Administration, and shall remain confidential until a finding of probable cause or no probable cause is established, regardless of the outcome of any appeal.

**(b)**     [No change]

**RULE 15.36~~6~~<u>8</u>0.     DISQUALIFICATION AND REMOVAL OF MEMBERS OF MEMBERS OF A RVCC, PANEL OR PCRB**

[No change]

**RULE 15.~~370~~<u>385</u>. CHIEF JUDGE REVIEW**

[No change]

**PART IV.   OPERATING PROCEDURES**

**RULE 15.400.     AUTHORITY**

<u>The Committee on Alternative Dispute Resolution Rules and Policy shall have authority to promulgate, adopt, and amend operating procedures containing the initial parenting coordination training standards, continuing parenting coordinator education provisions, and procedures for approving and reporting compliance with the same and any other procedures necessary to implement these rules.</u>